# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

ROSCOE CHAMBERS, #13495-030,

    Plaintiff,

v.

DR. ANDREW M. EDINGER, et al.,

    Defendants.

CIVIL ACTION NO. 3:18-CV-02251

(MARIANI, J.)
(SAPORITO, M.J.)

## MEMORANDUM

This matter comes before the Court on a motion by the plaintiff, Roscoe Chambers, for leave to proceed *in forma pauperis* ("IFP") in this action. (Doc. 2). For the reasons stated herein, we will deny the plaintiff's motion and order him to pay the applicable filing and administrative fees in full or face summary dismissal of this action.

### I. BACKGROUND

On November 23, 2018, the Court received a *pro se* complaint signed and dated by the plaintiff on November 19, 2018. (Doc. 1). The complaint named several USP Lewisburg supervisory, correctional, and medical staff members as defendants. (*Id.*). It alleges violations of the plaintiff's federal constitutional rights, which are actionable under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388

(1971). (*Id.*). Together with the complaint, the plaintiff submitted a motion for leave to proceed IFP in this action. (Doc. 2).

In his motion, the plaintiff has acknowledged that he is subject to the "three strikes rule" set forth in 28 U.S.C. § 1915(g) because he has previously brought three or more federal actions or appeals that were dismissed as frivolous, as malicious, or for failure to state a claim. Although many of his claims concern medical treatment for chronic health issues, the plaintiff does not appear to contend that he is "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

## II. Discussion

The plaintiff is barred from proceeding IFP pursuant to the "three strikes rule" set forth in 28 U.S.C. § 1915(g), and he has failed to demonstrate that he was under imminent danger of serious physical injury at the time the complaint was filed.

The statutory text of the "three strikes rule" provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent

danger of serious physical injury.

28 U.S.C. § 1915(g).

The Third Circuit has discussed the appropriate standard for evaluating the accrual of "strikes" under 28 U.S.C. § 1915(g).

> [A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is "frivolous," "malicious," or "fails to state a claim" or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissal for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure.

*Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). "It is the plaintiff's burden to prove entitlement to IFP status." *Robert v. Walls*, Civil Action No. 11-234, 2011 WL 1599652, at *1 (W.D. Pa. Mar. 14, 2011).

In his motion papers, the plaintiff has admitted that he has previously been barred from IFP status by the "three strikes rule," but he appears to suggest that these prior decisions have been in error. In light of the narrowing of the applicable § 1915(g) standard under *Byrd*, we have independently confirmed that this plaintiff has accrued at least three "strikes" based upon a review of publicly available federal court records. First, the plaintiff accrued a strike for the *sua sponte* dismissal of his complaint as frivolous in *Chambers v. Conard*, No. 4:13-cv-00186-

JAJ (S.D. Iowa May 16, 2013), *aff'd per curiam*, 547 Fed. App'x 807 (8th Cir. 2013). Second, the plaintiff accrued a strike for the *sua sponte* dismissal of his complaint as frivolous in *Chambers v. Sarcone*, No. 4:17-cv-00432-SMR-SBJ, 2017 WL 8792712 (S.D. Iowa Dec. 20, 2017), *aff'd*, No. 18-1076 (8th Cir. May 14, 2018). Third, the plaintiff accrued a strike for the *sua sponte* dismissal of his complaint as frivolous in *Chambers v. Schmidts*, Case No. 18 C 50242 (N.D. Ill. Aug. 14, 2018), *appeal filed*, No. 18-3309 (7th Cir. filed Oct. 26, 2018).[1]

The instant action was filed on November 23, 2018, months after the plaintiff had accrued three strikes under 28 U.S.C. § 1915(g). As a result, he is not entitled to proceed without prepayment of fees unless he was "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). He has alleged no facts whatsoever to suggest that he was. *See Ball v. Famiglio*, 726 F.3d 448, 470 (3d Cir. 2013) ("[A] prisoner claiming that she is in imminent danger of serious physical harm must make specific and credible allegations to that effect.") (internal quotation marks and alterations omitted), *abrogated on other grounds by Coleman*

---

[1] *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) ("A prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal.").

*v. Tollefson*, 135 S. Ct. 1759 (2015); *see also Brown v. Lyons*, 977 F. Supp. 2d 475, 483 (E.D. Pa. 2013) ("When considering whether imminent danger of physical injury has been alleged, courts may reject 'vague' or 'conclusory' allegations as insufficient to provide a basis for IFP status.") (citing *Famiglio*, 726 F.3d at 468).

### III. CONCLUSION

Based on the foregoing, the plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) shall be denied, and the plaintiff shall be ordered to pay the applicable filing fee in full within thirty days of the date of the accompanying Order or dismissal of this action will be recommended.

An appropriate Order follows.

Dated: January 14, 2019

*Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge